UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 22-1677

Caption [use short title]

Motion for: Permission to Proceed IN FORMA PAUPERIS

Darrell Jones

V.

United States of America

Set forth below precise, complete statement of relief sought:

TO Proceed IN FORMA PAUPERIS, AND MOVE THIS COURT FOR A Certificate of Appealability

MOVING PARTY: Darrell Jones

OPPOSING PARTY: United States of America

[✓] Plaintiff  [ ] Defendant
[✓] Appellant/Petitioner  [ ] Appellee/Respondent

MOVING ATTORNEY: Darrell Jones

OPPOSING ATTORNEY: Won S. Shin, AUSA

[name of attorney, with firm, address, phone number and e-mail]

FCI Williamsburg
P.O. Box 340
Salters, SC 29590

District of New York
One St. Andrew's Plaza
New York, NY 10007

Court- Judge/ Agency appealed from: Nelson S. Roman, District Court, Southern District

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes  [ ] No (explain): _____

Opposing counsel's position on motion:
[ ] Unopposed  [ ] Opposed  [✓] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [✓] Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has this request for relief been made below?  [ ] Yes  [ ] No
Has this relief been previously sought in this court?  [ ] Yes  [ ] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  [ ] Yes  [✓] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes  [✓] No  If yes, enter date: _____

Signature of Moving Attorney:

_____ Date: 9/21/22   Service by: [ ] CM/ECF  [✓] Other [Attach proof of service]

Form T-1080 (rev.12-13)

Provide a statement that identifies the relevant facts and makes a showing of likely merit as to each issue you intend to present on appeal. See Local Rule 24.1

Continue on next page:

RECEIVED 2022 SEP 29 PM 2:00 OFFICE OF NEW ALS

Provide a statement that identifies the relevant facts and makes a showing of likely merit as to each issue you intend to present on appeal. See Local Rule 24.1

## BRADY VIOLATION: I

Prosecutor's failure to disclose civil, criminal, and external actions that had been brought against agents and detectives who illegally entered appellants home, with keys illegally obtained, secured a search warrant based on false statements that were patently taylored to meet constitutional requirements for probable cause. This evidence is favorable to the accused because it is exculpatory, or because it is impeaching.

The Government's obligation to disclose Brady materials is pertinent to the accused's decision to plead guilty; the defendant is entitled to make that decision with full awareness of favorable (exculpatory and impeachment) evidence known to the Goverment

Members from the ("DEA TASK FORCE") had been found to have went outside the scope of a search warrant in a case that was being handled by New York City Manhattan's Special Narcotics Unit and filed false arrest and inventory reports as well as committed perjury at the Grand Jury

just 2 months before executing a search here in this matter before you today, the New York City case concerned Calvin Powell.

And members of Mount Vernon Police Department are being investigated for a number of civil right violations against suspects, as well as illegally entering homes of suspects, planting drugs, excessive force, and illegal cavity searches, and falsely filing reports and false identification of suspects.

## Illegal Stop: II

Members of the Mount Vernon Police Department illegally stopped appellant as a suspect in an alleged burglary, which several hours prior to stopping and arresting appellant had arrested a suspect Leonard Wisher, who was in custody at Mount Vernon Police Department and charge with several crimes and named a suspect in several others.

Both suspects appellant Darrell Jones and Leonard Wisher, were represented by the same lawyer from Legal Aid Society David Curtin, who removed himself from appellants due to a conflict of interest after appellant file was filled with all Leonard Wishers information not

the appellants information. The prosecution
never disclosed any evidence other than
oral and or written statements fabricated
by officers who arrived on the scene
after appellant was approached by
Sgt. Griffin the second time, after radioing
for assistance with one male black
matching the alleged description of a
suspect wanted for burglary, suspect
was already in police custody inside
Mount Vernon Police Department. Appellant
was arrested on November 24, 2018 on
Burglary charges, Possession of stolen
Property, weapons charges, and Criminal
possession of a controlled substance
and ordered remanded until November
26, 2018 to appear in Mount Vernon City
Court.

Illegal Search, Invalid Warrant, and
Actual Innocence of 18 U.S.C. § 924(c)(A)(1)

## III

On November 26, 2018 at or about
4:37 in the p.m., Mount Vernon Police Det.
Camilo Antonini, applied for a search
warrant based on false statements
that were patently taylored to over-
come constitutional and statutory
requirements.

During the execution of the search warrant appellant was already in police custody on charges un-related to the drugs and the second firearm, later recovered from the appellant apartment at 40 East Sidney Ave, 10-N, Mount Vernon, New York.

The incident report states that the appellants apartment was empty prior to the search, upon entering the apartment Det. Antonini, states that he observed a metal locked box on a livingroom table and after breaking the lock in the box he discovered inside the box the lower receiver and clip with 16 rounds, (note) dis-assembled, and in a desk draw he found the upper slide to the firearm.

Det. Antonini, also states that they found Heroin in various location throughout the appellants apartment, but never to state where or produce any photos or statements from the officer that found the Heroin.

Appellant intends to challenge the allegation in the affidavit concerning he and his brother Derrick Crenshaw, allegedly having a conversation and appellant was suppose to have asked his brother to go to his appellant's apartment and remove drugs and a firearm,

Appellant also intends to address the allegation made by C.I #462 aka Africa, aka "O", aka Omar, aka Paul P. Lawrence, also who lives at 40 East Sidney Ave, and his credibility and the truthfulness of his statement made in the affidavit.

Appellant can and will show that he is actually innocent of 18 U.S.C. § 924(c)(A)(1) carrying a firearm "during and in relation" to or possession of a firearm, in furtherance of drug traffick on November 26, 2018. It would be a miscarriage of justice for appellant to remain in service of this sentence under 18 U.S.C. § 924(c)(A)(1) and the appellant is not guilty of a crime.

Appellant challenges that Detective Camilo Antonini, illegally entered appellants home/apartment with keys that he failed to enter into evidence during a prior arrest of appellant, and instead removed 4 keys from a ring of 14 or 15 keys one 2 sets confidscated but not entered into evidence on September 18, 2015.

The keys were ordered returned by the sentencing Judge, but instead 4 keys to an apartment that appellant does not reside at are alleged to have been returned to appellant.

# Ineffective Assistance
## of Counsel
### IV

Appellant raises the issue, Ineffective Assistance of Counsel, having been represented by Susanne Brody of Federal Defender Office, who's performance was deficient and showed cause and prejudice and deprived appellant of a fair procedural outcome.

Counsel first led appellant to believe that any time, a firearm and drugs are found together that constitute a violation of 18 U.S.C.§ 924(c)(A)(1) and with having had all the facts of the events at the appellants apartment how did she except said plea deal, which is not a crime based on the facts.

And how and why did counsel fail to provide appellant with copies of either of these documents (Pimentel Letter dated April 9, 2019 or the Plea Agreement, dated April 18, 2019) before appellant appeared in court on May 9, 2019, counsel also failed to provide appellant with a copy of the superceding indictment, which shows cause and prejudice and how appellants guilty plea was involuntary and unknowingly.

During a May 3, 2019 phone call with counsel, appellant was told that he had to decide by May 9, 2019 whether or not he was going to except the offer by the government 5 to 40 years on the drugs and 5 to life, on the firearm, consecutive to each other making the offer 10 to life, appellant was not aware of the charges in the superceding indictment or that a plea agreement or pimental letter existed.

## Evidence Tampering and Chain of Custody

During the August 8, 2018 drug sell with appellant and Westchester County Police Detective Matthew Lewis #1062 of 30 grams of heroin, appellant later learned that what he sold to Det. Lewis #1062 was not what was submitted to the Westchester County Lab, for analyst result.

Also in question is the drug evidence that was recovered from appellants apartment on November 26, 2018 the alleged 300 grams of Heroin. See Lab reports some substances returned no substance found and the weight on the reports do not support the alleged 300 grams, appellant was charged

with, the results were far below 100 grams of Heroin, closer to 50 grams, but as you will see, that the facts were in fact dis-regarded in this matter, as well as appellants constitutional rights.

And as for the chain of custody, reports differ from Lab reports as to who delivered the evidence to the laboratory, and every detective involved are under investigation for same or similar allegation, of corruptions.

Under penalty of perjury I swear that everything stated above is the truth.

Darrell Jones
11032-052
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

_____

Darrell Jones

v.

United States of America

_____

**CERTIFICATE OF SERVICE***

Docket Number: 22-1677

I, _Darrell Jones_____, hereby certify under penalty of perjury that
          (print name)
on _September 2022___, I served a copy of _Application for_
       (date)
_Certificate of Appealability In Forma Pauperis_
                        (list all documents)
by (select all applicable)**

___ Personal Delivery          ✓ United States Mail          ___ Federal Express or other
                                                                   Overnight Courier

___ Commercial Carrier          ___ E-Mail (on consent)

on the following parties:

| Won S. Shin | One St. Andrew's Plaza | N.Y. | NY | 10007 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| U.S. Court of Appeals | 40 Foley Square | New York | NY | 10007 |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding.  The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

September 21, 2022
Today's Date

Darrell Jones
Signature

Certificate of Service Form (Last Revised 12/2015)

DARRELL JONES
#11033-052

FCI Williamsburg
Box 340
Salters, SC 29590

LEGAL MAIL
LEGAL MAIL
LEGAL MAIL

CERTIFIED MAIL

7017 1000 0000 8236 4836
7017 1000 0000 8236 4836
7017 1000 0000 8236 4836

CLERK'S OFFICE

CA

$140
Need it

UNITED STATES COURT OF APPEALS
UNITED STATES COURTHOUSE
40 FOLEY SQUARE
NEW YORK, NEW YORK 10007

USMS
SDNY



**22-1677**

Darrell Jones
#11032-052
Federal Correctional Institution
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Darrell Jones

        petitioner,

Appeal No. 22-1677

v.

District Ct. No. 19 Cr. 35,
21 Cv 6465

United States of America

        respondent,

Application For
Issuance Of A
Certificate Of
Appealability
Fed. R. App. P. 22(b)

Petitioner, Darrell Jones, moves this Court for a Certificate of Appealability within the meaning of Section 2253(c) of Title 28 of United States Code and Rule 22(b) of the Federal Rules of Appellate Procedure.

On July 29, 2021, Petitioner filed a Petition for a Writ of Habeas Corpus, as authorized by Section 2255 of Title 28 of the United States Code. In that Petition, Petitioner argued that the conviction and sentence by the authorities of the United States of America was unconstitutional because:

1.) Prosecutor's failure to disclose civil, criminal and internal affairs investigations and actions that had been brought against detectives who secured statements, and entered defendants home illegally amounted to Brady violation, in defendants criminal proceedings.

Members of the Drug Enforcement Administration (DEA) Westchester Resident Office Group D-42 had been involved in an execution of a search warrant at the resident of Calvin Powell, at 3410 Barker Avenue, Bronx, New York.

The search warrant, had been unlawfully procured by DEA TASK FORCE MEMBER, Yonkers Detective Sean Fogarty along with Johanna Santos, Joseph Tamweber, and Edward Maher, all agreed to conspire that the recovered evidence was discovered in Calvin Powells, apartment on the first floor and not the third floor apartment in a bedroom locked closet, as established by photo, during an evidentry hearing.

Several months after the Calvin Powell arrest, Detective Johanna Santos, Sean Fogarty, Joseph Tamweber, and Edward Maher, and members of Mount Vernon Narcotics Unit, began an investigation into criminal drug activity of the defendant Darrell Jones.

There were also several member of the Mount Vernon Narcotics Unit and one member of the Westchester County Police Department who have been named in civil lawsuits or named or identified as being part of an investigation and intentionally identified the wrong suspects.

The members of the Mount Vernon Narcotics Unit are: Detectives Camilo Antonini, Robert Puff, Patrick King, John Valente, and SGT. Sean Fegan, and Westchester County Police Det. Matthew Lewis# 1062.

These Police Officers and Detectives are currently being investigated by both the Westchester County District Attorney's office, and the Office of the United States Attorney General for the Southern District of New York, for Civil rights violations, including falsification of evidence.

The Prosecutor's failure to disclose these civil, criminal, and internal affairs actions, are a direct violation of Petitioner constitutional right to Due Process, and Equal Protection, under the 5th and 14th Amendments. See Brady, v. Maryland, 373 U.S. 83 (1963) and Giglio, v. United States, 405 U.S. 150 (1972), and JaWaun Fraser, v. City of New York; Undercover Officer Number 84; Matthew Regina; and Jason Deltoro, Defendants.

2.) On November 24, 2018 Petitioner Darrell Jones, while in the city of Mount Vernon, New York, was stopped twice on East Prospect Avenue, in connection with an alleged Burglary investigation

Petitioner Jones, was stopped based on an allege description of a suspect that was never produced or any information about the burglary or any information concerning a witness or an identification of the suspect.

The Prosecutor failed to inform the defense that another suspect ( Leonard Wisher), had been arrested and charged with the very same burglary on November 23, 2018, in the city of Mount Vernon.

These two stops on November 24, 2018, violated Petitioners 4th Amendment right to be Free of Illegal searches or seizures, in his home or persons.

During the first stop Petitioner was asked by Sgt. Griffin, the arresting and investigating officer if he was alright.

During the second stop, Petitioner was told he fit the description of a Burglar suspect.

Sgt. Griffin, immediately asked to search the Petitioner, who stated "no" to the search both times he was asked, before P.O. Charles Rizzo, informed Petitioner that he was being arrested for burglary.

Here Petitioner stated after being told he was under arrest and asked if he had anything sharp or weapons, Petitioner stated he had a gun in his upper right coat pocket, and only after making the statement was Petitioner read he meranda warning.

Petitioner Darrell Jones, and the first suspect arrested Lenny Wisher, were being represented by the same Legal Aid Counselor David Curtin, who removed himself from representing the Petitioner under conflict of interest. And this violates Petitioners rights under the 6th Amendment to an effective counselor.

3.) On November 26, 2018 Mount Vernon Police Detective Camilo Antonini, applied for a affidavit and search warrant, based on patently taylored, false information from his confidential informants C.I's 418, and 462.

Detective Camilo Antonini, alleged that he received information from C.I.# 418 that he spoke to Petitioner Darrell Jones brother Derrick Crenshaw, and that Derrick Crenshaw stated that he was asked by Petitioner, to go to the Petitioner's apartment and remove drugs and a firearm, but he had to wait for Petitioner's wife to return home from work.

Detective Camilo Antonini, continued to make false statements, along with C.I.# 462 who I also Know as (Omar, "O", Africa, and Paul P. Lawrence) who also resides at 40 East Sidney Ave, same building as the Petitioner and who introduced Petitioner to Westchester County undercover officer Matthew Lewis #1062,

Petitioner denies the information relied upon in paragraphs 2, 3, 4, and 5, in the affidavit for a search warrant at page #2, and 3.

Petitioner questions the legality of the search warrant based on several issues; ① the false statements made in the affidavit; ② Detective Camilo Antonini, had entered Petitioners apartment illegally, with keys, illegally in his possession, that he failed to put into evidence during a prior arrest of Petitioner Darrell Jones, on September 18, 2015, at 43 South 12th Avenue, Rm.#1 Mount Vernon, New York; ③ Petitioner contends that he is actually statutorily innocent of the Title 18 U.S.C. § 924(c)(1)(A) of carrying and possession of a firearm in furtherance of drug trafficking.

On November 26, 2018 during the execution of the search warrant, Petitioner was in custody at the Westchester County Department of Correctional Services on un-related charges.

Petitioner appeared in court on November 26, 2018 at or about 9:30 a.m, in connection with charges stemming from a burglary investigation, and was remanded back to the county jail.

The facts of this case proves that the Government failed to meet the elements of § 924(c)(1)(A) Petitioner never actively employeed the firearm, under use, he never carried the firearm, under carry, such as

conveyed, or transported in a vehicle or on the body, and on November 26, 2018 Petitioner never possessed the firearm in furtherance of drug trafficking, ① the upper slide was removed and placed in a desk draw; ② the lower receiver, and clip, were seperated and locked in a metal box, inside the livingroom closet, with toolboxes.

The mere presence of a firearm in a home or location where drugs are sold is not itself suffient to prove the "in furtherance" of prong of the statute and there must be some nexus or connection between the firearm and the drug selling operation. Connections (Beyond mere proximity) drugs or gun, not on person.

If the gun at issue does not advance or further the underlying drug crime, the critical drug, gun nexus is lacking, and the very purpose of the statute is not implicated; if the gun at issue does advance the drug crime, the very purpose of the statute, as well as its language and the legislative history, suggest that the gun is intended to be within 18 U.S.C. § 924 (c)(1)(A)'s ambit.

Drugs were located in various locations in the apartment.

Here Petitioner questions the order and decision, at page 4, paragraph 2, and count 2 of the superseding indictment, the language of count 2 alleges two distinct and seperate offenses under 18 U.S.C. § 924(c) thereby resulting in duplicity and as such said count must be dismissed. The Petitioner therefore request that the Court "dismiss count 2 of the superseding indictment". The conduct of which the Petitioner was convicted is deemed not to be criminal.

During the search of Petitioner's apartment, Petitioner's 4th Amendment right to be free of illegal search and seizure of his person and home, Petitioner's 5th and 14th Amendment rights to Due Process and Equal Protection, rights were all violated during the process of the search and court proceedings.

4) Finally, Petitioner questions Legal counsels effectiveness, and intends to show that counsels performance fell below stands.

Petitioner's Legal counsel Susanne Brody, of the Federal Defenders, failed to provide Petitioner with either of the following documents before Petitioner entered a Plea, before the courts: ① Pimental Letter, ② Plea Agreement; Petitioner was un-aware of the content inside the Plea Agreement which establishes that Petitioners Plea was not Knowingly and volentarily made, Petitioner receive a copy of the Plea Agreement by once he was returned to Westchester County Department of Correctional Service on May 9, 2019.

Petitioner's Counsel also led him, to believe that because the gun and the drugs, were both found in his apartment, it constituted Title 18 U.S.C. §924 (c)(1)(A) she never explained the elements of the possession prong, which Petitioner does not meet, and is actually statutorily innocent, and the conviction should be deemed not criminal.

There is also the issue with the Chain of Custody, concerning the drug evidence,

30 grams of heroin, seems to have been switched, and officers other than who was named in reports transported the evidence.

Mrs Brody, never conducted an investigation into any of the information provide to her by Petitioner, nor did she interview Petitioner's wife, Ayanna Jones, or his brother Derrick Crenshaw, concerning the allegation made in the affidavit, by both C.I.#418, and Det. Camilo Antonini.

Petitioner Darrell Jones, moves this Court for a Certificate of Appealability within the meaning of Section 2353(c) of Title 28 of United States Code and Rule 22(b) of the Federal Rule of Appellate Procedure.

I swear under penalty of perjury under the United States law, this information to be true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621).

Date: September 21, 2022,

Signed: Darrell Jones
Darrell Jones
#11032-052
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

**Federal Rules of Appellate Procedure Form 7.   Declaration of Inmate Filing**

United States District Court for the District of <u>Southern District For New York</u>

| | |
|---|---|
| Darrell Jones | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) |
| United States of | ) |
| America   *Defendant.* | ) |
| | ) |

Case No. 19 CR 35, 21 CR 6465
22-1677

I am an inmate confined in an institution. Today, 9|21| 2022 *[insert date]*, I am depositing the Certificate Appealability *[insert title of document; for example, "notice of appeal"]* in this case in the institution's internal mail system. First-class postage is being prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Sign your name here <u>Darrell Jones</u>

Signed on <u>9|21| 2022</u>   *[insert date]*

**[Note to inmate filers:** *If your institution has a system designed for legal mail, you must use that system in order to receive the timing benefit of Fed. R. App. P. 4(c)(1) or Fed. R. App. P. 25(a)(2)(A)(iii).*]

DARRELL JONES
#11030-052

FCI Williamsburg
P.O. Box 340
Salters SC 29590

LEGAL MAIL
LEGAL MAIL
LEGAL MAIL

CERTIFIED MAIL

7017 1000 0000 8236 4836

7017 1000 0000 8236 4836

CLERK'S OFFICE

(p

$110
Need it

UNITED STATES COURT OF APPEALS
UNITED STATES COURTHOUSE
40 FOLEY SQUARE
NEW YORK, NEW YORK 10007

USMH
SDNY

DOLLAR USA
DOLLAR USA
DOLLAR USA
DOLLAR USA
DOLLAR USA
DOLLAR USA

# UNITED STATES DISTRICT COURT
for the

_Southern_ DISTRICT OF _New York_

Darrell Jones,

)
)
Plaintiff )
)
v. )
)
United States, )
Of America )
Defendant )
)

Case No. 22-1677

**AFFIDAVIT ACCOMPANYING MOTION
FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**

| **Affidavit in Support of Motion** | **Instructions** |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: _Darrell Jones_ | Date: _September 21, 2022_ |

My issues on appeal are: _Brady violation, Illegal stop & searches,_
_False statements in affidavit for search warrant_
_Ineffective assistance of counsel, Evidence Tampering &_
_chain of custody violations, actually statutorily innocent._

1. _For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise._

Rev. 12.1.2018

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 1.60 | $ N/A | $ 1.60 | $ N/A |
| Self-employment | $ 0 | $ 0 | $ 0 | $ 0 |
| Income from real property (such as rental income) | $ 0 | $ 0 | $ 0 | $ 0 |
| Interest and dividends | $ 0 | $ 0 | $ 0 | $ 0 |
| Gifts | $ 100.00 | $ 0 | $ 100.00 | $ 0 |
| Alimony | $ 0 | $ 0 | $ 0 | $ 0 |
| Child support | $ 0 | $ 0 | $ 0 | $ 0 |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ 0 | $ 0 | $ 0 |
| Disability (such as social security, insurance payments) | $ 0 | $ 0 | $ 0 | $ 0 |
| Unemployment payments | $ 0 | $ 0 | $ 0 | $ 0 |
| Public-assistance (such as welfare) | $ 0 | $ 0 | $ 0 | $ 0 |
| Other (specify): Birthday and father's day present | $ May, 2022 500.00 | $ 0 | $ 0 | $ 0 |
| Total monthly income: | $ | $ N/A | $ 101.60 | $ N/A |

2. List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| B.O.P. | FCI Williamsburg PO. Box 340, Salters, SC | 11 - 2020 | $ 1.60 |
| | | | $ |
| | | | $ |

Rev. 12.1.2018

3. *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| Vaughn College | Flushing, NY | 2017 or 2018 | $ |
| | | | $ N/A |
| | | | $ |

4. *How much cash do you and your spouse have?* $ N/A

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Chase Bank | Checking/Saving | $ Ø N/A | $ N/A |
| " | | $ Ø | $ N/A |
| " | | $ Ø | $ N/A |

*If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ 1,800 mo. rent Monthly | (Value) $ Ø | (Value) $ N/A |
| | | Make and year: 2007 |
| | | Model: Civic |
| | | Registration #: N/A |

Rev. 12.1.2018

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ ∅ | (Value) $ ∅ | (Value) $ ∅ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6.   *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| ∅ | $ ∅ | $ ∅ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7.   *State the persons who rely on you or your spouse for support.*

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| No one | | |
| | | |
| | | |

Rev. 12.1.2018

8.  *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)<br>Are real estate taxes included?  ☐ Yes ☑ No<br>Is property insurance included?  ☐ Yes ☑ No | $ Ø | $ 1,800 |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ Ø | $ N/A |
| Home maintenance (repairs and upkeep) | $ Ø | $ N/A |
| Food | $ 100 | $ N/A |
| Clothing | $ N/A | $ N/A |
| Laundry and dry-cleaning | $ Ø | $ N/A |
| Medical and dental expenses | $ 2.00 | $ N/A |
| Transportation (not including motor vehicle payments) | $ Ø | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $ Ø | $ N/A |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| Homeowner's or renter's: | $ Ø | $ N/A |
| Life: | $ Ø | $ N/A |
| Health: | $ Ø | $ N/A |
| Motor vehicle: | $ Ø | $ N/A |
| Other: | $ Ø | $ N/A |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ Ø | $ N/A |
| Installment payments | | |
| Motor Vehicle: | $ Ø | $ N/A |
| Credit card (name): | $ Ø | $ N/A |
| Department store (name): | $ Ø | $ N/A |
| Other: | $ Ø | $ N/A |

| | | | |
|---|---|---|---|
| Alimony, maintenance, and support paid to others | $ | *Ø* | $ | *Ø* |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ | *Ø* | $ | *Ø* |
| Other (specify): | $ | *Ø* | $ | *N/A* |
| **Total monthly expenses:** | $ | *100* | $ | *N/A* |

9.  *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

    ☐ Yes ☑ No      If yes, describe on an attached sheet.

10. *Have you spent - or will you be spending - any money for expenses or attorney fees in connection with this lawsuit?* ☑ Yes ☐ No

    *If yes, how much?* $*400*

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.* I receive help from family they are struggling to help me, I have to provide for myself,

12. *State the city and state of your legal residence* Mount Vernon, New York

    *Your daytime phone number:* None

    *Your age:* 53    *Your years of schooling:* 1 year

Rev. 12.1.2018

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

---

Darrell Jones

v.

United States of America

---

**CERTIFICATE OF SERVICE***

Docket Number: 22-1677

I, Darrell Jones , hereby certify under penalty of perjury that
    (print name)
on September 2022 , I served a copy of Application for
    (date)
Certificate of Appealability In Forma Pauperis
    (list all documents)

by (select all applicable)**

___ Personal Delivery    ✓ United States Mail    ___ Federal Express or other
                                                                          Overnight Courier

___ Commercial Carrier    ___ E-Mail (on consent)

on the following parties:

| Won S. Shin | One St. Andrew's Plaza | N.Y. | NY | 10007 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| U.S. Court of Appeals | 40 Foley Square | New York | NY | 10007 |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

September 21, 2022
Today's Date

Darrell Jones
Signature

Certificate of Service Form (Last Revised 12/2015)

DARRELL JONES
#11033-058

LEGAL MAIL
LEGAL MAIL
LEGAL MAIL

FCI Williamsburg
P.O. Box 340
Salters, SC 29590

CERTIFIED MAIL

7017 1000 0000 8236 4836

CLERK'S OFFICE

UNITED STATES COURT OF APPEALS
UNITED STATES COURTHOUSE
40 FOLEY SQUARE
NEW YORK, NEW YORK 10007

CA

$4.40
Need it

USMS
SDNY

